## STILES v. LAY.

1. Under the bankrupt law, the petition must be filed in the district where the supposed bankrupt, at the time of filing it, shall reside, or have his place of business, and if the district court granting his discharge has not jurisdiction of the person by reason of residence, or place of business, the discharge is void.

2. One living with his family in New Hampshire, and carrying on business there, is a resident of that State, within the act, although the spring previous, and for some years before, he had a commercial establishment in Alabama, acted as a citizen, and intended to remove his family there the next season.

Writ of Error to the County Court of Marengo.

Assumpsit by Lay against Stiles, to recover the amount of a promissory note, described in the declaration as dated 23d March, 1839, payable the 1st of july thereafter.

The defendant pleaded, that he was, on the 21st December, 1842, by the decree of the District Court of New Hampshire, discharged as a bankrupt, under and by virtue of the act of Congress, in that behalf made and provided from all debts due and owing at the filing of his petition, which was filed the 23d of August, 1842.

Stiles v. Lay.

The plaintiff replied, that the certificate and discharge of the said defendant was fraudulently obtained, in this, to wit: that the said defendant, at the time of filing his said petition, resided, and had his place of business in the State of Alabama, and not within the jurisdiction of the District Court of the United States, for the District of New Hampshire. The defendant demurred to this replication, and the plaintiff had judgment overruling the demurrer. Afterwards the defendant rejoined, that he, at the time of applying for and obtaining the certificate and discharge, was a resident of the State of New Hampshire, and not a resident of the State of Alabama. On this issue was joined.

At the trial, the plaintiff produced witnesses, who testified they first became acquainted with the defendant in the years 1838 or 1839 ; that from their acquaintance with him until the spring of 1842, he was, the most of his time, in Marengo county, but was generally absent, as merchants of that county usually are, during the summer ; that about the first of the year 1842, he sold out, or pretended to sell out, his stock of goods in said county, to White & Curtis, but remained in the house with the goods, until the last of May following, about which time he left ; that before he left, he told the witnesses he was going to New Hampshire to see his family, but would return again to Alabama, with his family, the next fall or winter, and thought he should commence business in Mobile ; that some time in the winter or spring following, the witnesses saw the defendant in Mobile, where he was engaged, or appeared to be so, in a large wholesale grocery business, and has continued to be engaged ever since ; that while residing in Marengo county, he discharged the ordinary duties of a citizen of the State, and at general elections sometimes took an active part at the polls in electioneering, but the witnesses did not see him vote, nor did they know whether he did or did not vote, neither had they ever heard him speak of having another place of business, or place of residence. One of the witnesses testified that he had several conversations with the defendant in 1842, previous to his leaving, in which the defendant stated he was going to see his family.

The defendant then read the depositions of several witnesses of Nashville, in the State of New Hampshire, who deposed that they were acqainted with the defendant; that he has a family, consisting of a wife and two children; that he married about eleven years ago; that his wife and family have continued to reside at Nashville, N. H., until about the 1st of November, 1844, when they removed to Mobile, Alabama; that when at Nashville, the defendant always resided with his family, but for several years past had been absent for several months in the year; that in 1838 or 1839, he went to Mobile, and was absent through the winter, but returned in the summer to his family; that since that time he has spent his winters there, returning to his family always in the summer, one of these witnesses stated the defendant remained with his family from three to nine months; that one summer he cultivated a piece of land, and for two or three seasons he was engaged in the manufacture of trunks; that in 1842, he remained with his family until December, and that in July of that year, he attended a town meeting at Nashville, and voted; that his name was on the check list of votes, and has been on the same list from the time he was married until he left, in 1844, and that he was taxed as other citizens. On this state of proof the defendant moved the court to instruct the jury—

1. That if the defendant, at the time of filing his petition and obtaining his discharge in bankruptcy was living with his family at Nashville, and carried on business there, and voted there, he was a resident within the meaning of the law.

2. That when a man lives at a place a continuance of time and is engaged in business, he is a resident of that place; and if the defendant lived at Nashville, and was doing business there when he applied for the benefit of the act, &c. he was a resident of that place.

These charges were refused as asked for, and the court instructed the jury—

3. That although for certain purposes, a man may have more than one place of residence, yet the law will recognize but one, and the jury must determine from all the facts before them, which was the place of the defendant's residence;

that the particular place which the defendant recognized as his place of residence, would be determined by the law to be so; and that if from the facts before the jury, it appeared the defendant intended the State of Alabama to be considered as his place of residence, then the jury should find for the plaintiff. That the defendant having a family in New Hampshire, and visiting and remaining a portion of each year with them, voting there, and while remaining there carrying on a business, although strong circumstances, were not conclusive.

4. Further, that if the defendant left New Hampshire with the intention of abandoning his residence there, although he left his family there, and occasionally returned there, and while there carried on business without intending to resume his permanent residence, then he was not a resident within the mean of the law. But if, on the other hand, he had not abandoned, or intended to abandon his residence in New Hampshire, but left that temporarily, with the view of returning, he was a resident of New Hampshire.

5. Further, that if the jury was satisfied that the defendant, when he left Alabama, in the spring of 1842, considered that to be his place of residence, and went on a visit to his family, with the intention of returning and making Alabama his permanent place of residence, or place of business, then that he could not be a resident of the State of New Hampshire, within the meaing of the act, and the jury should find for the plaintiff.

The defendant excepted to the refusal of the court to give the charges requested, as well as to those given to the jury.

The assignments of error opens the demurrer to the replication as well as the matters excepted to at the trial. It is also insisted, the court should have awarded a repleader, as the verdict is on an immaterial issue.

G. N. Stewart, for the plaintiff in error.

W. M. Smith, contra, insisted, the law was correctly expounded by the court in the charges. [Story Confl. L. 44, 45.]

The replication to the plea is within the decision of Mayberry v. Herndon, 8 Ala. Rep.

GOLDTHWAITE, J.—1. The District Courts of the United States, are not, by the general bankrupt act, invested with jurisdiction over all bankrupts, but only over such as petition to be discharged in the district where *he shall reside or have his place of business* at the time of filing the petition. [Sec, 7.]   As that is the only court which, under the act, is authorized to discharge, it follows that a discharge granted by a court not having jurisdiction over the person, either in consequence of his residence, or his place of business being at the time within the district, is entirely void.   If the facts asserted in the replication are true, the court in New Hampshire had no jurisdiction of the person of the bankrupt, and therefore the demurrer was properly overruled.

2. But although the replication is good, it appears to us the evidence before the jury showed the defendant's actual, as well as legal residence was in New Hampshire, when his petition was filed..   In Hallett v. The State, 8 Ala. Rep.     , we had occasion to consider the question of *domicil* in connection with the right to vote, and then held, that the mere intention to remove, without the actual removal of the family of the individual, did not constitute him a citizen of the State, so as to entitle him to vote.   In the case under consideration, the family of the defendant resided in New Hampshire continuously for many years, and he returned there each summer.   This was his legal *domicil*, or residence, and if death had happened during any of his temporary sojourns in this State, his property would have been distributable by the laws of that where he left his family.   Judge Story puts the precise case which is shown here, when he says, if a married man has his family fixed in one place, and he does his business in another, the former is considered the place of his *domicil*.   [Confl. L. $ 46.]   In this case, assuming the plaintiff's evidence to be true, there was the intention to change the residence at a future time, but no actual change at the time of filing the petition.   My views on the matter of intention, and how far it explains the actual residence were given in the case cited ; but I agree here, that the actual residence

with the family, constituted the place of residence for all purposes.

This conclusion shows the error of the refusal to give the charges asked, and the judgment is reversed and remanded.